## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| CYPRESS LAKE SOFTWARE, INC. | § | |
| | § | |
| *Plaintiff,* | § | Civil Case: 6:17-cv-462-RWS |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| HP INC. | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

**CYPRESS LAKE SOFTWARE, INC.'S OPPOSITION TO HP INC.'S MOTION TO
TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA (Dkt. 16)
under Section 1404.**

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................i

INTRODUCTION ...............................................................................................................1

I.  TRANSFER SHOULD BE DENIED BECAUSE DEFENDANT CANNOT SHOW THAT ITS CHOSEN FORUM IS CLEARLY MORE CONVENIENT THAN PLAINTIFF'S CHOICE OF FORUM. ...............................................................1

   A.  Defendant Cannot Show that Transfer Outweighs Deference to Plaintiff's Choice of Forum...................................................................................................................... 1

   B.  Judicial Economy Weighs Against Transfer. ............................................................ 3

   C.  Cypress Lake's 7th Amendment Rights Favor Denial of Transfer. ........................ 6

II.  TRANSFER SHOULD BE DENIED BECAUSE THE REMAINING PRIVATE- AND PUBLIC-INTEREST FACTORS WEIGH AGAINST TRANSFER OR AT THE VERY LEAST REMAIN NEUTRAL. ...............................................................7

   A. Access of Sources of Proof Weighs Against Transfer. ............................................... 7

     1.  Plaintiff's sources of proof and four relevant cases are in this District. ....................... 7

     2.  Defendant does not demonstrate that volume of documents or inconvenience of transporting them to this District clearly favors transfer................................................................ 8

     3.  Defendant's asserted witnesses and testimony are speculative, uncertain, and lack basis in a transfer analysis. .................................................................................................... 11

   B.  Availability to Compel Witnesses Does Not Weigh in Favor of Transfer. ...................... 15

   C.  Cost and Travel for Witnesses Favors this District as Central Location. ......................... 16

III. PUBLIC INTEREST FACTORS SHOW THAT THIS FORUM IS MORE CONVENIENT................................................................................................... 17

CONCLUSION................................................................................................................ 20

## TABLE OF AUTHORITIES

**Cases:**

*Abatix Corp. v. Capra*, No. CIV. A. 2:07-cv-541, 2008 WL 4427285 (E.D. Tex. 2008)..................... 2

*ACQIS LLC v. EMC Corp.*, 67 F. Supp. 3d 769 (E.D. Tex. 2014)................................................. 8, 16

*Adrain v. Genetec Inc.*, 2:08–cv-423, 2009 WL 3063414 (E.D.Tex. 2009) ........................................ 8

*AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp. 2d 669, 675 (E.D. Tex. 2006) ..................... 2, 3, 11

*Archer & White Sales v. Henry Schein, Inc.*, 2:12-cv-572, 2017 WL 3193260 (E.D. Tex. 2017) .... 10

*Centre One v. Vonage Holdings Corp.*, 6:08-cv-467, 2009 WL 2461003 (E.D. Tex. 2009) ...........4, 5

*E. Texas Boot Co., LLC v. Nike, Inc.*, 2:16-cv-290, 2017 WL 2859065 (E.D. Tex. 2017).......... 2, 15

*Francis v. Api Tech. Servs.* 4:13-cv-627, 2014 WL 11462447 (E.D. Tex. 2014), ...........................2, 9

*Frederick v. Advanced Fin. Sols., Inc.*, 558 F. Supp. 2d 699 (E.D. Tex. 2007). .................................. 12

*Harris v. Turman Well Serv., Inc.*, 2:11-cv-264, 2012 WL 2375325 (E.D. Tex. 2012).................. 18

*In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) .................................................. 16

*In re Google*, 412 Fed. App'x 295 (Fed. Cir. 2011) .................................................................. 4

*In re Triton Ltd. Sec. Litig.*, 70 F .Supp.2d 678, 688 (E.D.Tex.1999) ............................................ 2, 12

*In re Vicor Corp.*, 493 Fed.Appx. 59 (Fed.Cir.2012) ................................................................ 8

*In re Vistaprint Ltd.*, 628 F.3d 1342 (Fed. Cir. 2010) ............................................................... 4

*In re Volkswagen AG*, 371 F.3d 201 (5th Cir. 2004).................................................................. 16

*In re Volkswagen of Am., Inc.*, 545 F. 3d 304 (5th Cir. 2008) .................................................... 2

*In re Vtech Comm's*, 5:07–cv–00171, 2010 WL 46332 (Fed. Cir. 2010) ....................................... 6

*Jackson v. Intel Corp.*, 2:08-cv-154, 2009 WL 749305 (E.D. Tex. 2009) .............................. 3, 9, 10

*Job Haines Home for the Aged v. Young*, 936 F.Supp. 223 (D.N.J. 1996) ..................................... 10

*Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 134 S. Ct. 843 (2014)..................................... 7

*MobileMedia Ideas v. HTC Corp.*, 2:10-cv-112, 2012 WL 1570136 (E.D. Tex. 2012)....... 11, 13, 14

*Net Nav. Sys., LLC v. Cisco Sys., Inc.*, 4:11-cv-660, 2012 WL 7827544 (E.D. Tex. 2012)............3, 5

*Oasis Research, LLC v. Pro Softnet Corp.*, 4:12-CV-531, 2012.................................................... 5

*Realtime Data v. Savvis Communications Corp.*, 6:16-cv-87 (E.D. Tex. 2017) ......................2, 4, 5, 8

*Runkle v. State of Texas*, 1:15-cv-1141, 2016 WL 756577 (W.D. Tex. 2016) ............................... 17

*S.E.C. v. Coldicutt*, 4:12-cv-505, 2013 WL 944550 (E.D. Tex. 2013) .................................2, 10, 11

*TiVo INC. v. AT&T INC*, 2:09-cv-259, 2010 WL 11436066 (E.D. Tex. 2010). ........................... 13

*T-Netix, Inc. v. Pinnacle Pub. Servs.*, 2:09-cv-333, 2010 WL 3859687 (E.D. Tex. 2010). ....... 11, 13

*Transplace Texas, L.P. v. Higgins*, 4:10-cv-428, 2011 WL 623172 (E.D. Tex. 2011), .............. 9, 12

*Trover Grp., Inc. v. Tyco Int'l, Ltd.*, 2:13-cv-0052, 2014 WL 12596722 (E.D. Tex. 2014) ............ 18

*Uniloc USA, Inc. v. Distinctive Dev. Ltd.*, 964 F. Supp. 2d 638, 645 (E.D. Tex. 2013).............. 10, 18

*U.S. Ethernet Innovations, LLC v. Acer*, 6:09-cv-448, 2010 WL 2771842 (E.D. Tex. 2010) ........... 5

*Vomastek v. AXA Equitable Life Ins. Co.*, 5:15-cv-50-, 2016 WL 3771278 (E.D. Tex. 2016) .......... 9

*Z–Tel Comm., Inc. v. SBC Comm., Inc.*, 331 F.Supp.2d 567, 574 (E.D. Tex. 2004)......................... 12

**Statutes:**

28 U.S.C. § 1404(a)....................................................................................................4, 5, 6, 10

Fed. R. Civ. P. 45(a)(2) ................................................................................................. 15

Fed. R. Civ. P. 45(b)(2) ................................................................................................. 15

Fed. R. Civ. P. 45(c)(1)(A) ............................................................................................ 15

Fed. R. Civ. P. 32(a)(4). ................................................................................................ 15

**INTRODUCTION**

Transfer is not *clearly* more convenient than keeping this case in the Eastern District of Texas. Cypress Lake Software Inc. ("Cypress Lake") is a local company that filed suit in its home forum, a forum that has significant familiarity with Plaintiff Cypress Lake, Defendant HP Inc. ("HP"), the Patents-in-Suit, the relevant technology, and the issues relevant to this case. In fact, there are currently three other cases in this District involving the same patents-at-issue. HP and the sole non-party witness it identifies have filed and argued in this District on hundreds of previous occasions. On the other hand, Cypress Lake's patents, technology, and claims have never been adjudicated in the Northern District of California. This forum, and not the Northern District of California, is clearly more convenient.

HP fails to meet its burden of showing that transfer is clearly more convenient to Plaintiff's chosen forum. HP relies only on four factors in the private-, public-interest analysis. HP speculates as to potential sources of proof, failing to identify sources with particularity. And of the 17 different potential witness locations, the vast majority of these locations benefit from the present District as a central location. Moreover, one of these locations (left entirely un-addressed by HP) is its campus in Plano, Texas, which is the source of relevant witness and document evidence concerning the regular course of local business that is the basis of this claim in this District. HP's argument falls far short of demonstrating that the Northern District of California is clearly more convenient than the present District.

Thus, transfer should be denied.

**ARGUMENT**

I.  **TRANSFER SHOULD BE DENIED BECAUSE DEFENDANT CANNOT SHOW THAT ITS CHOSEN FORUM IS CLEARLY MORE CONVENIENT THAN PLAINTIFF'S CHOICE OF FORUM.**

   A. **Defendant Cannot Show that Transfer Outweighs Deference to Plaintiff's Choice of Forum.**

HP must prove that the Northern District of California is "clearly more convenient" than this District. *See In re Volkswagen of Am., Inc.*, 545 F. 3d 304, 315 n.10 (5th Cir. 2008).[1] It is unable to meet this "significant burden." *See id.* Cypress Lake properly brought this suit in its home District. *See* Complaint, JURISDICTION AND VENUE, 6:17-cv-00300, Dkt. 19, at 2-5 (establishing venue through HP's physical business location in Plano, Texas, business activity, and resulting harm). This District recognizes that "[w]hen the plaintiff's choice of venue is its home forum, a defendant bears a heavy burden in opposing the plaintiff's chosen forum." *See Francis v. Api Tech. Servs.*, 4:13-cv-627, 2014 WL 11462447, at *5 (E.D. Tex. Apr. 29, 2014), *adopted*, 2014 WL 11462449 (E.D. Tex. Sept. 11, 2014). Where this is true, "plaintiff's choice of forum is 'a paramount consideration in any determination of [a] transfer request, and that choice should not be lightly disturbed.'" *See Abatix Corp. v. Capra*, 2:07-cv-541, 2008 WL 4427285, at *6 (E.D. Tex. Sept. 24, 2008) ("The plaintiff's choice of forum will not be disturbed unless it is clearly outweighed by other factors."); *In re Triton Ltd. Sec. Litig.*, 70 F .Supp.2d 678, 688 (E.D.Tex.1999)

Yet HP ignores the importance of Plaintiff's choice of forum and dismisses this burden as "not relevant." *See* Motion, Dkt. 16, at 8. Defendant also neglects the analysis requisite to demonstrating "some indication that transfer will be an *overall* convenience to the parties, not solely with respect to one of the two parties." *See Realtime Data v. Savvis Communications Corp., et al.*, Case No. 6:16-cv-87, at 4 (E.D. Tex. Feb. 3, 2017). HP's argument almost entirely rests on conclusions as to why the its preferred district is convenient for itself. Thus, HP's motion to transfer is merely an attempt to shift inconvenience to Cypress Lake at the expense of judicial

---

[1] This amounts to much more than "assertions in the attorneys' briefs" or "speculative potential witnesses" that may materialize during trial. *See, respectively, S.E.C. v. Coldicutt*, 4:12-cv-505, 2013 WL 944550, at *2 (E.D. Tex. Feb. 8, 2013), *adopted*, 2013 WL 943568 (E.D. Tex. Mar. 8, 2013); *E. Texas Boot Co., LLC v. Nike*, No. 2:16-CV-0290-JRG-RSP, 2017 WL 2859065, at *4 (E.D. Tex. Feb. 15, 2017).

efficiency and economy. *See AdvanceMe, Inc. v. Rapidpay LLC*, 450 F. Supp. 2d 669, 675 (E.D. Tex. 2006); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 3D § 3848 ("[T]ransfer will not be ordered if the result is merely to shift the inconvenience of where the action is located from one party to the other.").

Therefore, Cypress Lake's choice to litigate in its home District should be respected.

**B.  Judicial Economy Weighs Against Transfer.**

Judicial economy provides another standalone reason to deny transfer. *See Net Nav. Sys., LLC v. Cisco Sys., Inc.*, 4:11-cv-660, 2012 WL 7827544, at *5 (E.D. Tex. Aug. 24, 2012), *adopted*, 2013 WL 1309840 (E.D. Tex. Mar. 27, 2013) ("The Court may deny motions to transfer based on judicial economy alone."). First, the current action was filed as a continuation without interruption of litigation on other counts of infringement present in Cypress Lake's prior 2016 action against HP. Plaintiff accommodated Defendant's request that Android products not listed in the original complaint should be included in a separate lawsuit. *See* Complaint, 6:17-cv-00300, Dkt. 19, at 5 ¶ 14. The case should remain here where its predecessor was litigated.

Second, this District has significantly more experience with Cypress Lake, the patents, and the technology at issue than does the Northern District of California. Here, the District is familiar with the patents and issues involved in Plaintiff's claim. As a local company, Cypress Lake has used its home district extensively. *See* Ex. 1 (demonstrating that Cypress Lake patents have been at issue in 20 previous and current cases in this District). The Honorable Robert W. Schroeder, III has presided over all of Cypress Lake's previous and current cases. *See* Ex. 2; *see also Jackson v. Intel Corp.*, 2:08-cv-154, 2009 WL 749305, at *4 (E.D. Tex. Mar. 19, 2009) (noting that in a transfer analysis it is preferable to have a case "assigned to a judge who is knowledgeable of the patent-in-suit" due to judicial and district familiarity with plaintiff's prior cases.).

By contrast, the Northern District of California is unfamiliar with Cypress Lake and any of the issues in this case. Ex. 3 (showing that Cypress Lake has never litigated in N.D. Cal.). This experience gives the Eastern District of Texas an efficiency advantage that is especially favored in patent suits. *U.S. Ethernet Innovations, LLC v. Acer*, Inc., 6:09-cv-448, 2010 WL 2771842, at *3 (E.D. Tex. July 13, 2010) ("Courts in this district have consistently recognized the pronounced significance of judicial economy in the § 1404(a) analysis in patent cases.").[2]

Third, three other cases are currently pending in this District involving the same patents-in-suit. Denying transfer would not only increase efficiency, but would likewise decrease the potential for conflicting holdings. *See* Ex. 8 (showing four different cases currently in this District on the same patents at issue); *Realtime Data, LLC v. Stanley*, 6:09-cv-326, 2010 WL 1064474, at *3 (E.D. Tex. Mar. 18, 2010), *adhered to on denial*, 2010 WL 4274576 (E.D. Tex. Oct. 28, 2010), *and subsequent mandamus*, 404 F. App'x 484 (Fed. Cir. 2010) (noting that the "existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether transfer is in the interest of justice."); *Ctr. One v. Vonage Holdings Corp.*, 6:08-cv-467, 2009 WL 2461003, at *7 (E.D. Tex. Aug. 10, 2009) ("The Federal Circuit has emphatically instructed that the existence of duplicative suits involving the same or similar issues creates practical difficulties that will weigh heavily in favor or against transfer [in order to try duplicative suits in the same venue].").

On the other hand, transferring this case would cause redundancies by duplicating

---

[2] Judicial economy is so important that it represents a sufficient basis to deny transfer "even when all of the convenience factors clearly favor transfer." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1345-47 (Fed. Cir. 2010); *see also In re Google*, 412 Fed. App'x 295, 296 (Fed. Cir. 2011) ("Courts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective administration of justice, and having one trial court decide all of these claims clearly furthers that objective."); *Centre One v. Vonage Holdings Corp.*, No. 6:08-CV-467, 2009 WL 2461003, at *7 (E.D. Tex. Aug. 10, 2009) (holding that defendant's "convenience alone fails to outweigh the glaring inefficiency of prosecuting two, nearly identical, complex patent infringement cases in different fora").

efforts in two separate districts. Transfer would increase the risk of different courts reaching conflicting conclusions. Transfer would also "impose a burden on both the federal court system and [Plaintiff] to maintain two suits with substantially the same issues in two different venues across the country," which is exactly what a § 1404(a) transfer was designed to prevent. *Ctr. One*, 2009 WL 2461003, at *7[3] Where HP's preferred forum is unfamiliar with Cypress Lake, the patents, or issues involved in its claim, this District not only benefits from its history with all the parties involved, but also the "built-in efficiencies that result from having related cases before the same judge." *See Realtime Data, LLC v. Stanley*, 6:09-cv-326, 2010 WL 1064474, at *3 (E.D. Tex. Mar. 18, 2010), *adhered to on denial, 2010 WL 4274576 (E.D. Tex. Oct. 28, 2010), and subsequent mandamus*, 404 F. App'x 484 (Fed. Cir. 2010) (citation omitted).

Finally, HP is at home in this District. HP has both filed suit and litigated in this District on hundreds of prior occasions. Ex. 4 (showing HP utilizing E.D. Tex. 177 times); Ex. 5 (showing HP voluntarily utilizes). The same can be said of Google, the only non-party that HP sufficiently identifies with regards to relevant potential evidence. Ex. 6 (showing Google utilizing E.D. Tex. 116 times). Judge Schroeder has also presided numerous times over both of these companies. Ex. 7 (showing Judge Schroeder presiding over 21 HP cases, and 10 Google). Thus, only Judge Schroeder in this District (who currently presides over this case) is familiar with both Cypress Lake's patent-claims, HP's technology, and the relevant issues that will be involved. *See U.S. Ethernet Innovations, LLC v. Acer*, 6:09-cv-448, 2010 WL 2771842, at *6 (E.D. Tex. July 13, 2010) (giving judicial economy significant weight where court has significant

---

[3] *See also Net Nav. Sys.*, 2012 WL 7827544, at *5 (denying transfer because "another court would be required to conduct duplicative proceedings regarding claim construction, expert discovery, and other issues"); *Oasis Research, LLC v. Pro Softnet Corp.*, 4:12-CV-531, 2012 WL 3600838, at *6 (E.D. Tex. Aug. 21, 2012) (holding concerns of judicial economy weighed heavily against transfer; if the Court transferred the case, "another court would have to spend significant resources to familiarize itself with the patents, prosecution history, claim construction, and other issues").

familiarity with technology and legal issues involved.); *see also*, *In re Vtech Comm's*, 5:07–cv–00171, 2010 WL 46332, at \*2 (Fed. Cir. Jan. 6, 2010).

Accordingly, the judicial efficiencies gained in this District weigh against transfer.

## C.  Cypress Lake's 7th Amendment Rights Favor Denial of Transfer.

HP's motion should also be denied because transfer to the Northern District of California endangers Cypress Lake's Seventh Amendment right to adjudication before a jury, given the transferee Court's propensity toward granting dispositive motions. *See, infra*, §III.D, at p. 19 (showing N.D. Cal. summary judgment rate is almost double E.D. Tex.). For transfer to be permitted pursuant to 28 U.S.C. § 1404(a), it must be "in the interest of justice." It is in the interest of justice for this Court to preserve the Constitutional rights of the parties involved, especially the party seeking jury trial. Here, Plaintiff has alleged its property rights are being violated, and those rights must be protected.

Indeed, to "establish justice" is one of the purposes of the Constitution. *See* U.S. Const. Preamble. Section 8 continues, "8: To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries; . . ." *Id.* at § 8. And the 7th Amendment reinforces the right to a jury, not in criminal trials, but in civil cases like this. *See* U.S. Const., 7th Amend. ("In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any court of the United States, than according to the rules of the common law."). Although courts have consistently interpreted this to apply to patent cases, it does not follow that every United States District Court enforces this right equally. The transferee District's propensity to grant dispositive motions, such as summary judgment motions, is contrasted by this District's tendency in favor of denying dispositive motions in favor of allowing adjudication on the merits

by a jury.

Thus, Cypress Lake's 7th Amendment rights weigh against transfer.

## II. TRANSFER SHOULD BE DENIED BECAUSE THE REMAINING PRIVATE- AND PUBLIC-INTEREST FACTORS WEIGH AGAINST TRANSFER OR AT THE VERY LEAST REMAIN NEUTRAL.

Eight private and public interest factors are at issue in HP's argument that transfer is clearly favored. *In re Volkswagen*, 545 F.3d at 315. HP only contests half of those factors. And for those four factors, Defendant fails to offer sufficient evidence to meet its heavy burden of showing that the Northern District of California clearly is a more convenient forum. Conversely, Cypress Lake demonstrates that this forum is more convenient. On these factors, HP's motion should be denied.

### A. Access of Sources of Proof Weighs Against Transfer.

#### 1. Plaintiff's sources of proof and four relevant cases are in this District.

Sources of proof weigh against transfer. For one, any real burden with regard to sources of proof is on Cypress Lake because proving infringement is the Plaintiff's burden. Thus, it is Cypress Lake that will be inconvenienced by any obstacles in obtaining evidence from HP. *See Medtronic, Inc. v. Mirowski Fam. Ventures, LLC*, 134 S. Ct. 843, 845 (2014) ("[P]laintiffs bear the risk of failing to prove their claims."). Conversely, HP's burden is to prove invalidity, if it so decides, and that evidence will largely come from sources other than itself or the possible non-party witnesses it cites.[4] Moreover, its own evidence is digital and easily transportable. And any evidence from non-party Google should be easily accessible and transferable given the demonstrated collaboration between the two. *See* Dkt. 16-2 (showing Google's cooperation

---

[4] In 2007, 64% of prior art materials are "easily accessible" and "most often searched online." *See*, Sources of Prior Art, available at https://patentlyo.com/patent/2007/10/sources-of-prio.html. Of the remaining 36%, HP will undoubtedly investigate other sources in addition to itself. Moreover, HP cites to non-party witnesses (Google and Youtube) that only may be relevant to prior art, and with no specificity as to how (*see* Motion, Dkt. 16, at 6). Thus, there is little to indicate that these non-party witnesses will play a significant role.

with HP through Director A. Dubey's voluntary Declaration). Therefore, HP's insistence that transfer is warranted in order to be closer to Google has already been ruled unconvincing. BNSF RY. CO. v. OOCL (USA), INC. (N.D.Tex. 2009), 667 F. Supp.2d 703 (N.D. Tex. 2009) ("Concluding this factor is neutral where **no unwilling witnesses were identified**.") (emphasis added).

Additionally, this factor is outweighed by judicial economy, which weighs against transfer. "Consistent with the interest of justice, the Court approaches each motion to transfer on the particular facts of that case, but acknowledges the burden transfer creates for a plaintiff, witnesses, and the federal court system if a plaintiff is forced to pursue piecemeal litigation in different forums for interpretation of the same patents." *See Realtime Data*, 2010 WL 1064474, at *3 (citing *Adrain v. Genetec Inc.*, No. 2:08–cv423, 2009 WL 3063414, at *3 [E.D.Tex. Sept.22, 2009]). Here, there are three other cases in the Eastern District of Texas that are being litigated on the same patents involved in this action. *See* Ex. 8 (showing Samsung, ZTE and Blackberry). Were HP to succeed in its Motion, Cypress Lake, its witnesses, and the federal court system would be further burdened inefficiently handle multiple suits that rely on the same proof in two distant forums. *See In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed.Cir.2009); *In re Vicor Corp.*, 493 Fed.Appx. 59, 61 (Fed.Cir.2012); *ACQIS LLC v. EMC Corp.*, 67 F. Supp. 3d 769, 777 (E.D. Tex. 2014). This is particularly burdensome where the Northern District of California has no experience with Cypress Lake, its patents, or the issues involved in this claim. *See* Ex. 3.

Accordingly, convenience of Cypress Lake's sources of proof, which will be important to three other related claims, weighs against transfer.

> **2. Defendant does not demonstrate that volume of documents or inconvenience of transporting them to this District clearly favors transfer.**

Cypress Lake has a significant interest in presenting proof that is stored locally in the four related claims in this District. This District is where Cypress Lake stores its documents, where it is incorporated, and where its founder resides. *See* Ex. 12, Fortenberry Decl., ¶¶ 2,3. Moreover, Cypress Lake has no sources of evidence in California. This holds significant weight against transfer where HP fails to provide information that shows above a speculative degree of "specificity the location and volume of documents or other sources of proof or why they are important to this case." *See Transplace Texas, L.P. v. Higgins,* 4:10-cv-428, 2011 WL 623172, at *8 (E.D. Tex. Jan. 19, 2011), *adopted,* 2011 WL 601142 (E.D. Tex. Feb. 11, 2011); *see also, Diem LLC v. BigCommerce, Inc.,* 6:17-cv-00186, 2017 WL 6729907, at *2 (E.D. Tex. Dec. 28, 2017) (denying transfer where defendant's "failure to identify documents with specificity as to the documents and the location of the documents is a failure of the moving party to meet its burden on transfer."). Moreover, the "location of documents is given little weight in determining proper venue unless the documents 'are so voluminous [that] their transport is a major undertaking.'" *See Francis v. Api Tech. Servs.* 4:13-cv-627, 2014 WL 11462447, at *8 (E.D. Tex. Apr. 29, 2014), *adopted,* 2014 WL 11462449 (E.D. Tex. Sept. 11, 2014). Here, there is no information as to the volume of documents located at HP's headquarters (*see* Dkt. 16-1, at ¶7), and Google (the only non-party witness that HP provides specifics as to possible importance in this case) affirms that it can access its documents anywhere (*see* Dkt. 16-2, at ¶11).

While HP alleges that "potentially relevant documents" are located in its preferred forum, the assertion of potential documents that *may* be relevant falls far short of identifying "the location of such *physical evidence* which cannot be easily transported to the place of trial." *See* Motion, Dkt. 16, at 12; *Jackson,* 2009 WL 749305, at *2, n. 2 (alteration added); *see also, Vomastek v. AXA Equitable Life Ins. Co.,* 5:15-cv-50-JRG, 2016 WL 3771278, at *4 (E.D. Tex. Feb. 17, 2016) (finding parties did not show that "some or all of the relevant documents are not

in digital form which would render them readily moveable around the nation at the push of a button."). Even when HP's supporting declaration is reviewed, Defendant fails to reveal anything more than a general assertion that "[d]ocuments relating to HP Chromebook products are located and can be accessed at HP's facilities in Palo Alto, California." *See* Dkt. 16-1, at ¶2. This creates more questions than answers as to what these documents are, why they can only be accessed in HP's preferred forum, and why the majority, if not all, are not easily transferred electronically? In a §1404 motion, this is not an acceptable basis for establishing a convenience factor. *See S.E.C.*, 2013 WL 944550, at *2 (citing *Job Haines Home for the Aged v. Young*, 936 F.Supp. 223, 228 [D.N.J.1996] ["In reviewing the factors which weigh for or against [a convenience] transfer, this Court must look to facts which are a matter of record, not merely to assertions in the attorneys' briefs"]).

The only other significant source of documents HP cites come from Google (*see* Dkt. 16-2, ¶11). In an included declaration on this issue, Google itself asserts that "[a]ll or nearly all" of the documents that might be relevant to this claim are stored "on Google's various secure servers, which are **__accessible from anywhere__**." *See* Dkt. 16-2, ¶11 (emphasis added).[5] Google does allege that the documents may be moved to the Northern District for purposes of litigation. *See id.* However, these factors are not considered in a transfer analysis. *Uniloc USA, Inc. v. Distinctive Dev. Ltd.*, 964 F. Supp. 2d 638, 645 (E.D. Tex. 2013) ("[D]ocuments that have been moved to a particular venue in anticipation of a venue dispute should not be considered."); *Archer & White Sales, Inc. v. Henry Schein, Inc.*, 2:12-cv-572, 2017 WL 3193260, at *5 (E.D. Tex. July 26, 2017) ("[T]he Fifth Circuit has expressly and adamantly rejected any consideration of where a party's attorneys are located."). Therefore, the only consideration that holds weight on this factor is that Google's documents are "accessible from anywhere." *See* Dkt. 16-2, at ¶11. In

---

[5] While HP does little to define its documents (*see* Dkt. 16-1, ¶7), it is likely that this holds true for the computer-tech giant as well, if not already located in its Plano complex already.

light of the fact that HP speculatively asserts that potential documents are located at its headquarters, this factor weighs against transfer. *See Jackson*, 2009 WL 749305, at *2, n. 2 ("[D]efendants have identified no documents or evidence located in [its preferred district] that cannot be produced electronically or easily transported to [the current district]") (alterations added).

Also, this is an infringement suit. The majority, if not all, of the documentary evidence in this case will be business records. It is capable of production through scanned copies, electronic-storage, and email. *See AdvanceMe, Inc. v. RapidPay, LLC*, 450 F. Supp. 2d 669, 675 (E.D. Tex. 2006) ("typically, documents and other records are easily transportable in paper or electronic form"); *S.E.C.*, 2013 WL 944550, at *3 (finding that where some documents are located at headquarters, but "[a]ll other documents are capable of being produced electronically," this factor is neutral as to transfer.). HP and Google are also currently involved in multiple other lawsuits in this District and have been involved with hundreds in the past. Ex. 13 (showing numerous current cases for both HP and Google in E.D. Tex.). Certainly, these tech-giants have found an efficient way to produce documents—electronically or otherwise—in this District considering their familiarity with this forum. Ex. 4 (showing 177 past and present cases, many still pending in E.D. Tex.); Ex. 6 (showing 116 past and present cases, many still pending in E.D. Tex.).

Where the only documentary evidence is speculative, likely transportable electronically, and can be accessed from anywhere this factor weighs against transfer.

### 3. Defendant's asserted witnesses and testimony are speculative, uncertain, and lack basis in a transfer analysis.

As with documentary evidence, HP fails to specify what testimony might be provided by its potential witnesses. *See, e.g., MobileMedia Ideas LLC v. HTC Corp.*, 2:10-cv-112-JRG, 2012 WL 1570136, at *16-17 (E.D. Tex. May 3, 2012) (When a party only "vaguely refer[s] to

potential witnesses," transfer is not warranted); *T-Netix, Inc. v. Pinnacle Pub. Servs., LLC*, No. 2:09-cv-333-CE, 2010 WL 3859687, at *3 (E.D. Tex. Sept. 30, 2010). A defendant seeking transfer "*must* clearly specify the key witnesses to be called and *make a general statement of what their testimony will cover.*" *See In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 690 (E.D. Tex. 1999); *Transplace Texas, L.P. v. Higgins*, 4:10-cv-428, 2011 WL 623172, at *8 (E.D. Tex. Jan. 19, 2011), *adopted*, 2011 WL 601142 (E.D. Tex. Feb. 11, 2011) (*citing Z–Tel Comm., Inc. v. SBC Comm., Inc.*, 331 F.Supp.2d 567, 574 (E.D.Tex.2004) (denying transfer in part because the "parties fail to specify the identity and location of potential key witnesses and their testimony."). This is because the court must consider "the content of the witnesses' testimony in determining whether this factor weighs in favor of transfer." *See Frederick v. Advanced Fin. Sols., Inc.*, 558 F. Supp. 2d 699, 704 (E.D. Tex. 2007). Here the court lacks information that would allow it to consider the content of the witnesses' testimony because HP fails to give information that rises over a vague level of specificity as to what its witnesses will testify.

For example, HP specifies about 10 different employees from its Northern District of California site. *See* Motion, Dkt. 16, at 4–5. [6] However, there is no explanation concerning how the cited employees are relevant to Cypress Lake's infringement claim outside of HP's assertion that they are. *Id.* at 4. Moreover, the provided list of job titles and responsibilities also leaves

---

[6] *See* Motion, Dkt. 16, at 4–5. "Mr. Leon Tsui (Senior Business Development Manager with primary responsibility for HP's alliance with Google) and Ms. Sabrina Ming-Yan (Product Manager for Consumer PCs), who have knowledge regarding development of HP laptops that include the Chrome operating system." *Id.* at 4. "Mr. Alex Cho (General Manager for HP's Commercial PCs), who has primary responsibility for product management of the accused Chromebooks." *Id.* at 4. "Mr. Mark Sanchez (General Manager for North American Consumer PCs), Mr. Babis Papapanagiotou (Director of Sales for Commercial PCs), Ms. Mari Young (Director of Product Marketing), and Ms. Lisa Fong (Marketing Manager for North America), who have primary responsibility for sales and marketing of the accused Chromebooks." *Id.* at 4–5. " Messrs. Amit Patel (Director of Business Development for Consumer PCs) and Leon Tsui, who have primarily responsibility for business development for the accused Chromebooks." *Id.* at 5. "Messrs. Venicio Navarro and Steven Kissinger, who are responsible for financial accounting regarding the accused Chromebooks." *Id.* at 5.

this relevance up to conjecture. *Id.* There is no information regarding the testimony these supposed witnesses will give. On pure conjecture alone, then, outside of Mr. Leon Tsui and Ms. Sabrina Ming-Yan, "who have knowledge regarding the development of HP laptops that include the Chrome operating system" (*see id.*), HP's listed employees do not appear to have much connection at all to the issue Defendant asserts they might be needed for in this case. *Id.* at 3 ("Simply put, Cypress Lake's infringement allegations focus exclusively on software features and functionality of the Chrome operating system and other functionality provided by third-party Google.") (issue asserted by HP). At best, HP fails to identify more than two party-witnesses that *may* produce testimony. Where, as here, a party only "vaguely refer[s] to potential witnesses," transfer is not warranted. *See MobileMedia Ideas LLC v. HTC Corp.*, 2:10-cv-112, 2012 WL 1570136, at *16-17 (E.D. Tex. May 3, 2012); *T-Netix, Inc. v. Pinnacle Pub. Servs., LLC*, 2:09-cv-333, 2010 WL 3859687, at *3 (E.D. Tex. Sept. 30, 2010).

Moreover, HP also neglects to address why its campus in Plano, Texas, will also not be relevant to the present claim. *See* Complaint, 6:17-cv-00300, Dkt. 19, at ¶¶6, 9, 10. Relevant infringing sales in this District are driven by decisions from that business facility, including sales, marketing, and partnerships with numerous resellers and distributors in this and other Texas districts. *See id.* Therefore, testimony from HP witnesses in this District who have access to the sales, marketing, partnership, and accounting information from this facility will be just as relevant to this claim. *See id.*; *contra*, Motion, Dkt. 16, at 4–5. Accordingly, relevant evidence originating from HP exists in California and in Texas, which weighs against transfer. *See TiVo INC. v. AT&T INC*, 2:09-cv-259, 2010 WL 11436066, at *4 (E.D. Tex. Sept. 17, 2010).

Of HP's non-party witnesses, Defendant entirely fails to explain how Google's wholly owned subsidiary now for over 11 years, Youtube, will produce even named witnesses let alone testimony. *See* Motion, Dkt. 16, at 6. Instead, HP argues YouTube is associated with this case

"to the extent that any [unspecified] YouTube products are relevant." *See id.* (alteration added).[7] HP then goes on to cite three Google employees, again neglecting to specify their relevance in terms of testimony. *See id.*; Dkt. 16-2, at ¶¶ 12, 13. But a party seeking a transfer of venue must do more than make general allegations that key witnesses are unavailable or are inconveniently located. *See Am. Airlines, Inc. v. Rogerson ATS*, 952 F.Supp. 377, 384 (N.D.Tex.1996). Rather, the moving party must identify specific witnesses and outline the substance of their testimony. *Id.* Here, HP failed to do either after waiting months to even file its belated motion to transfer.

Of these employees, one can only speculate that two of these cited employees may have relevant (yet unspecified) potential testimony. *See id.*[8] Moreover, it is unclear if Google will be involved at all. It is also not clear why all of the relevant testimony will not be covered, if at all, by HP party witnesses. *See E. Texas Boot Co., LLC v. Nike, Inc.*, 2:16-cv-0290, 2017 WL 2859065, at *4 (E.D. Tex. Feb. 15, 2017) (denying transfer where defendant "does not identify how its single potential non-party witness, [] would not be duplicative of any of the other current [party] employees identified."). Thus it is not even clear that Google itself will serve any purpose in this dispute.

Therefore, on the issue of witnesses, Cypress Lake will be clearly inconvenienced, while HP's unclarified witnesses and testimony do not provide any weight in favor of transfer. This

---

[7] Google has owned YouTube for about 11 years. *See* http://www.nbcnews.com/id/15196982/ns/business-us_business/t/google-buys-youtube-billion/#.Wm-J1iOZPEY as visited on January 29, 2018.

[8] *See* Dkt. 16-2, at ¶ 12. Google declares that Mr. Zelidrag Hornung and Mr. Puneet Kumar oversee international teams, that span 14 different locations, which both develop and maintain "the Chrome operating system." *See id.* As for Ms. Xiaoqian Dia, her responsibility for design and operation of resizing windows is not relevant feature to this infringement claim, or the relevance is not explained enough to be more than a "vague reference." *Id.* at ¶ 13; *MobileMedia Ideas LLC v. HTC Corp.*, No. 2:10-CV-112-JRG, 2012 WL 1570136, at *16-17 (E.D. Tex. May 3, 2012) (When a party only "vaguely refer[s] to potential witnesses," transfer is not warranted).

factor weighs slightly against transfer.

**B. Availability to Compel Witnesses Does Not Weigh in Favor of Transfer.**

This District will have little difficulty asserting subpoena power over third-party witnesses. However, HP's presents speculative-potential third-party witnesses. Were they not speculative, they are not substantial enough to outweigh the convenience of party witnesses. Moreover, Google's cooperation with HP in its Motion indicate that Defendant will have little difficulty getting information from these willing witnesses. *See E. Texas Boot Co., LLC v. Nike, Inc.*, 2:16-cv-0290, 2017 WL 2859065, at \*4 (E.D. Tex. Feb. 15, 2017) (denying transfer where the "[c]ompulsory process is only required to secure the attendance of [defendant's one specified] non-party witness. . . and it is unlikely that [witness] will be an unwilling witness. Most of [defendant's] witnesses are also party witnesses or current employees. . . the availability of the compulsory process is a non-issue as to them.") (alterations added); Motion, Dkt. 16, at 4 (noting HP's alliance with Google); Dkt. 16-2 (Google's voluntary declaration on behalf of HP). This weighs against transfer. *See BNSF RY. CO. v. OOCL (USA), Inc.* (N.D.Tex. 2009), 667 F. Supp.2d 703, 711 (N.D. Tex. 2009).

HP's concern is illusory. Most if not all of the technical infringement evidence will be gathered by deposition—which can be handled under this Court's subpoena power as easily as California's—and presented at trial. Rule 45 provides nationwide deposition subpoenas and compel testimony to this District so long as the trial, hearing, or deposition is to take place within 100 miles of the witness's residence or regular place of business. Fed. R. Civ. P. 45(a)(2), 45(b)(2), 45(c)(1)(A). Moreover, the proffering party can also depose the non-party witness near that witness's residence or regular place of business and present deposition-testimony at trial without the involvement of a second district court. *See* Fed. R. Civ. P. 32(a)(4).

The vague possibility that two non-party witnesses of unknown testimonial relevance

will be required at trial is dubious, at best. *See E. Texas Boot*, 2017 WL 2859065, at \*4. Most or all of the technical testimony will be handled by experts, who are not part of this analysis. And most importantly, HP will not even need subpoena power over Google employees because HP already has its full cooperation.[9] In reality, only Cypress Lake has a valid concern about requiring subpoena power, and Cypress Lake prefers to litigate in this District where it originally filed suit.

Availability of the compulsory process in the present case is likely neutral, not favoring transfer from this District.[10]

**C. Cost and Travel for Witnesses Favors this District as Central Location.**

The Eastern District of Texas is preferable due to its central location. Moreover, it is not cost or time prohibitive for the few HP witnesses who may need to travel to this District due to the abundance of direct-flights available. *See Volkswagen*, 371 F.3d at 204 & n. 3; *ACQIS LLC v. EMC Corp.*, 67 F. Supp. 3d 769, 776 (E.D. Tex. 2014) (noting existence direct flights cuts against transfer by minimizing travel time); *See* Ex. 9 (all but one of thirteen most cost effective flights offered by four major airlines were direct San Francisco to Dallas per search performed Jan. 23, 2018.). Thus, this factor weighs against transfer.

However, in its analysis HP does identify at least 17 different locations that have just as much potential in producing relevant party and non-party witnesses as HP's speculatively

---

[9] HP's Motion to Transfer (1) explains that the Google has cooperated with HP and voluntarily "made efforts to identify the location of persons with relevant technical knowledge about the Chrome operating system," along with (2) "efforts to identify the location of documents and other evidence that may be relevant to this action." *See* Dkt. 16-2, at ¶ 5.
[10] *See Centre One v. Vonage Holdings Corp.*, No. 6:08CV467, 2009 WL 2461003, at \*6 (E.D.Tex. Aug. 10, 2009) (concluding this factor is neutral where no unwilling witnesses were identified); *Ternium Int'l U.S.A. Corp. v. Consol. Sys., Inc.,* No. 3:08-CV-816-G, 2009 WL 464953, at \*3 (N.D.Tex. Mar. 25, 2009) (same).

defined witness list.[11] These 17 locations were noted by HP without it even mentioning its Plano, Texas, place of business—which is the location of witnesses relevant to an analysis concerning how HP's regular and established course of business sales, targeted marketing, and subsequent infringement from this activity creates a localized interest in these proceedings. Indeed, the multiple "widely scattered residences of the other witnesses, many of whom lived on or near the east coast" is precisely the situation that *Genetech* noted "favored a central location for trial like [this District] rather than a far western location like California." *See In re Genentech, Inc.*, 566 F.3d 1338, 1344 (Fed. Cir. 2009) (alteration added).

HP has also utilized this District extensively, having willingly litigated in this District before. *See* A. (showing 177 prior and current cases in this district, and multiple cases filed by HP itself). The same can be said of Google (showing 116 prior and current cases in this district). Both are corporate behemoths and, thus, the business costs of travel are standard for these companies. This further mitigates against any perceived issues that either company has with this District. Here, the comparative "relative means" in ability travel with Cypress Lake also does not favor transfer. *See Runkle v. State of Texas*, 1-15-CV-1141, 2016 WL 756577, at *5 (W.D. Tex. Feb. 26, 2016) (noting that plaintiff's "fewer monetary resources than the defendants and the relative means of the parties should be considered in evaluating transfer.").

Because the overwhelming majority of witness locations cited by HP favor the Eastern District of Texas as a convenient, time efficient, and less costly forum, this weighs against transfer.

## III.   PUBLIC INTEREST FACTORS SHOW THAT THIS FORUM IS MORE CONVENIENT.

---

[11] *See* Motion, Dkt. 16-1, at ¶ 8 (identifying Houston, Texas and Taipei, Taiwan as locations important to HP Chromebook work); 16-2, at ¶ 12 (identifying 12 different locations where up to 49% of Google's 330 Chrome OS engineer employees work); 16, at 7 (noting its belief that Cypress Lake may produce witnesses from this District, North Carolina, and Delaware).

**A. Administrative Duties from Reduced Court Congestion Favor this District.**

Recent trends indicate that the Easter District of Texas is favored when viewed in terms of relative court congestion. At the end of September, 2017, U.S. Court statistics indicate that the Northern District of California presides over almost double the amount of pending cases that those that are current in the Eastern District of Texas. *See* Ex. 10 (showing that E.D. Tex had 4,921 [3,727 civil] pending cases, *contra*, N.D. Cal., which had 9,127 [7,438 civil]). Moreover, this trend has only accelerated in recent years, increasing congestion in the Northern District while decreasing it in this District. *See id.* (showing of 42.7% filing drop in E.D. Tex over past two-years, *contra*, increase of 24.7% in N.D. Cal. over same period). HP offers no argument to the contrary "and concede on this fact." *See* Motion, Dkt. 16, at 14.

This factor, which continues to trend towards substantially lower congestion in the Eastern District of Texas, therefore, weighs against transfer.

**B. Transfer Due to Local Interest in Localized Issue is Not Favored.**

This is the only public interest factor HP contests. But HP's representation is inaccurate. Rather than "a community which has no relation to the litigation" (*see* Motion, Dkt. 16, at 14), this District has a significant interest in protecting a local company and preventing infringement from continuing in this and other nearby District's. *See Harris v. Turman Well Serv., Inc.*, No. 2:11-cv-264-JRG-RSP, 2012 WL 2375325, at *3 (E.D. Tex. June 22, 2012); *Uniloc USA, Inc. v. Distinctive Dev. Ltd.*, 964 F. Supp. 2d 638, 651 (E.D. Tex. 2013). Even so, this factor is likely neutral because "the dispute in this case is not centered on particular events occurring solely or mainly in one of the two districts." *See Trover Grp., Inc. v. Tyco Int'l, Ltd.*, 2:13-cv-0052, 2014 WL 12596722, at *5 (E.D. Tex. Apr. 11, 2014) (finding this factor neutral and noting "the sale of an accused product offered nationwide does not give rise to a substantial interest in any single venue").

**C. Familiarity of Forum with Law that will Govern Case Favors this District.**

The Eastern District of Texas sees more patent cases than any other district, and saw more cases in 2016 than the next five most popular forums put together. Because this District has a uniquely strong familiarity with patent cases. This factor weighs against transfer.



**Figure 1** – Graphic showing this District's volume of case, implying above-average familiarity, as viewed on April 3, 2017, and available at https://www.law360.com/articles/895435/patent-litigation-in-us-district-courts-a-2016-review.

**D. Avoidance of Unnecessary Conflict of Laws Weighs Against Transfer.**

As noted above (*see, supra*, I.C., at p. 6) this factor weighs against transfer. Defendant's right to adjudication on the merits would be threatened if this case were transferred to the Northern District of California where dispositive motions, such as summary judgment motions, are more often granted.

**Table 5: Defendants' Motions for Summary Judgment in Patent Cases by District (Jan. 2014 - June 2016)**

| | Num.[45] | Grant | Deny | Partial | Other | Median Days to SJ[46] |
|---|---|---|---|---|---|---|
| E.D. Tex. | 227 | 40 (17.6%) | 135 (59.5%) | 19 (8.4%) | 33 (14.5%) | 1053 |
| D. Del. | 243 | 78 (32.1) | 94 (38.7) | 44 (18.1) | 27 (11.1) | 969 |
| C.D. Cal. | 149 | 53 (35.6) | 56 (37.6) | 20 (13.4) | 20 (13.4) | 552 |
| N.D. Cal. | 163 | 55 (33.7) | 72 (44.2) | 25 (15.3) | 11 (6.7) | 694 |
| D.N.J. | 45 | 15 (33.3) | 26 (57.8) | 3 (6.7) | 1 (2.2) | 1273 |
| N.D. Ill. | 73 | 26 (35.6) | 32 (43.8) | 10 (13.7) | 5 (6.8) | 1180 |
| S.D.N.Y. | 58 | 25 (43.1) | 25 (43.1) | 6 (10.3) | 2 (3.4) | 1153 |
| S.D. Fl. | 26 | 12 (46.1) | 13 (50) | 1 (3.8) | 0 (0) | 662 |
| S.D. Cal. | 46 | 10 (21.7) | 33 (71.7) | 3 (6.5) | 0 (0) | 925 |
| All Other Districts | 607 | 204 (33.6) | 305 (50.2) | 62 (10.2) | 36 (5.9) | 944 |
| All Except E.D. Tex. | 1,410 | 478 (33.9) | 656 (46.5) | 174 (12.3) | 102 (7.2) | 909 |
| Total | 1,637 | 518 (31.6) | 791 (48.3) | 193 (11.8) | 135 (8.2) | 911 |

**Figure 2** – *See* Ex. 11 (Graphic showing E.D. Tex.'s summary judgment rate (17.6%), *contra*, N.D. Cal.'s propensity (33.7%), almost two-times more than this District.)[12]

## CONCLUSION

Plaintiff's choice of forum, judicial economy, and Plaintiff's right to adjudication on the merits all weigh strongly against favor. Moreover, Defendant fails to show how any factor weighs clearly in its favor, let alone show that transfer is *clearly* more convenient. Thus, Defendant's motion should be denied.

Respectfully submitted,

/s/ Randall T. Garteiser
Randall T. Garteiser
  California Bar No. 231821
  rgarteiser@ghiplaw.com

---

[12] *See id.* ("We calculated these statistics by searching DocketNavigator for motions for summary judgment filed by accused infringers in cases in the listed populations between January 1, 2014 and June 30, 2016.").

Kirk J. Anderson
  California Bar No. 289043
  kanderson@ghiplaw.com
**GARTEISER HONEA, PLLC**
119 W Ferguson St.
Tyler, Texas 75702
Tel/Fax: (888) 908-4400

*Counsel for David W. Sundin
and Engineered Fluids, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this date stamped above.

 /s/ Randall T. Garteiser
Randall T. Garteiser