# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| **CYPRESS LAKE SOFTWARE, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Case No. 6:17-cv-00462-RWS** |
| | § | |
| **HP INC.,** | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

# DEFENDANT HP INC.'S REPLY
# IN SUPPORT OF ITS MOTION TO TRANSFER
# TO THE NORTHERN DISTRICT OF CALIFORNIA

# TABLE OF CONTENTS

Page

I. Cypress Cannot Dispute Essential Facts That Compel Transfer ......................................... 1

II. Cypress Relies On Arguments Discredited By The Federal Circuit.................................. 4

# TABLE OF AUTHORITIES

Page

**CASES**

*In re Apple, Inc.*,
    581 F. App'x 886 (Fed. Cir. 2014) .................................................................................2, 3

*In re Biosearch Techs., Inc.*,
    452 F. App'x 986 (Fed. Cir. 2011) ..................................................................................2, 3

*In re Genentech, Inc.*,
    566 F.3d 1338 (Fed. Cir. 2009) ...........................................................................................3

*In re Google Inc.*,
    2017 WL 977038 (Fed. Cir. 2017) ..................................................................................2, 5

*In re Microsoft Corp.*,
    630 F.3d 1361 (Fed. Cir. 2011) .......................................................................................1, 4

*In re Morgan Stanley*,
    417 F. App'x 947 (Fed. Cir. 2011) ..................................................................................2, 5

*In re Toa Techs.*,
    543 F. App'x 1006 (Fed. Cir. 2013) ....................................................................................4

*In re Toyota Motor Corp.*,
    747 F.3d 1338 (Fed. Cir. 2014) ...........................................................................................1

*In re TS Tech Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008) ...........................................................................................4

*In re Verizon Inc.*,
    635 F.3d 559 (Fed. Cir. 2011) .............................................................................................3

*In re Zimmer, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010) ...........................................................................................4

*Realtime Data LLC v. Barracuda Networks Inc.*,
    2017 WL 4791970 (E.D. Tex. 2017) ..................................................................................3

Cypress fails to offer any legally viable basis for maintaining this case in this District. Relying on outdated law, Cypress ignores and tries to obscure essential facts established in HP's motion: (i) HP employees with knowledge about the accused products ***work in the Northern District of California*** ("Northern District"); (ii) third-party Google employees responsible for developing the accused technology ***work in the Northern District***; (iii) HP and Google ***do not have any employees*** responsible for accused technology in this District; (iv) HP and Google ***do not have any documents*** about accused technology in this District; and (v) Cypress ***cannot identify anyone*** with relevant knowledge residing in this District. The undisputed "realities make clear that the [Northern District] is comparatively the only convenient and fair venue in which to try this case." *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011).

## I. Cypress Cannot Dispute Essential Facts That Compel Transfer

HP established (Dkt. 16 at 2-7), and Cypress does not dispute, extensive facts demonstrating that this case should be transferred to the Northern District:

- HP, headquartered in the Northern District, identified—***by name, title and job responsibility***—10 employees in that district with knowledge about R&D, product management, sales, marketing, and accounting for accused products. (Dkt. 16-1 at ¶ 6.) The law requires no more. *In re Toyota Motor Corp.,* 747 F.3d 1338, 1341 (Fed. Cir. 2014) (transfer is appropriate where "a number of witness in [transferee district] have knowledge potentially relevant … even if not possible to specify just how material their testimony might be to the yet-undeveloped issues in the case").

- HP ***does not have any*** documents related to the accused products, nor employees with responsibility for the accused products, in this District. (Dkt. 16-1 at ¶¶ 9-10.)

- Cypress' allegations focus exclusively on technology provided by Google. HP ***does not have any*** employees that design or modify the source code for Google's technology. (Dkt. 16 at 2-3; Dkt. 16-1 at ¶¶ 11-12.)

- Third-party Google has the best knowledge about the accused technology, is headquartered in the Northern District, and has employees responsible for and knowledgeable about the accused technology in that district. (Dkt. 16-2 at ¶¶ 6, 9-13.)

- Google ***does not have any*** offices or documents in this District. (Dkt. 16-2 at ¶¶ 14-15.)

- Cypress ***does not identify any*** individuals (either its own employees or a third party) with relevant knowledge residing in this District. (*See generally* Dkt. 20 and Dkt. 20-14.)

HP identified numerous "prospective party witnesses in the transferee venue with relevant material information, while [Cypress] failed to identify a single prospective witness in the Eastern District of Texas…. Such a strong showing of convenience ***weighs heavily in favor of transfer***."[1] *In re Apple, Inc.,* 581 F. App'x 886, 889 (Fed. Cir. 2014); *In re Google Inc.*, 2017 WL 977038, at *2 (Fed. Cir. 2017) (witness convenience "weighs strongly" in favor of transfer when "the vast majority of [defendant's] employees—in particular those responsible for projects relating to the accused products—work and reside in the Northern District").

The availability of compulsory process also "***weigh[s] heavily in favor of transfer*** when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *Apple*, 581 F. App'x at 889. Here, at least three third-party witnesses with responsibility for developing the accused technology reside in the Northern District (Dkt. 16-2 at ¶¶12-13), while ***none*** reside this District. "This means that the Northern District … would have authority to compel these witnesses to appear for both deposition and trial. Conversely, the Eastern District of Texas would lack authority to compel [trial] testimony from any of the identified witnesses." *Apple*, 581 F. App'x at 889. Because the accused technology was developed by Google, "the subpoena powers of the Northern District of California ***may be expected to be invaluable***…." *In re Biosearch Techs., Inc.*, 452 F. App'x 986, 988 (Fed. Cir. 2011). This is especially true given that the Google third-party witnesses have "unique knowledge regarding the accused products." *In re Morgan Stanley*, 417 F. App'x 947, 948 (Fed. Cir. 2011); *see also* Dkt. 16-1 at ¶¶ 11-12.

Unable to challenge these facts, Cypress raises arguments the Federal Circuit has

---

[1] Cypress' unsupported speculation that unnamed HP employees in Plano, TX have relevant information (Dkt. 20 at 13, 17) ignores HP's motion and declaration establishing the exact opposite. (Dkt. 16 at 5; Dkt. 16-1 at ¶¶ 9, 11.)

repeatedly rejected. Relying on prior cases in which HP and Google have appeared in this District, Cypress wrongly argues that witnesses will not be inconvenienced. (Dkt. 20 at 5-6.) A transfer motion requires weighing "a number of **case-specific factors** based on the **individualized facts on record**." *In re Verizon Inc.*, 635 F.3d 559, 561 (Fed. Cir. 2011). Thus, Cypress' lists of past litigations are irrelevant. Indeed, the Federal Circuit instructs that "consideration of the previous case[s] [i]s clear error" when such cases involved different "parties, witnesses, evidence, and facts." *In re Genentech, Inc.*, 566 F.3d 1338, 1346 (Fed. Cir. 2009). And the cited cases with "HP" as plaintiff were filed *a decade ago* by Hewlett Packard Co., not HP.

Cypress' conjecture about the willingness of third-party Google witnesses to cooperate is misguided. (Dkt 20 at 7-8, 15.) "Whether these identified [Google] witnesses are willing to attend trial or not, the location of the witnesses and costs associated with travel to the Eastern District of Texas are relevant to the convenience analysis." *Apple*, 581 F. App'x at 889 n.1. Cypress wrongly asserts that compulsory process is not important because deposition testimony may be available. (Dkt 20 at 15.) "[W]hile video testimony may be a viable option under Rule 45, such a suggestion does not address the potential value to be added by having this witness testify in person at trial." *Realtime Data LLC v. Barracuda Networks Inc.*, 2017 WL 4791970, at *3 (E.D. Tex. 2017). Cypress' arguments about the "centrality" of this District also fail. (Dkt. 20 at 16-17.) When, as here, the "invention has no connection with Texas," the Federal Circuit directs "that the asserted geographical centrality of Texas d[oes] not outweigh the many aspects of convenience to the defendant." *Biosearch Techs.*, 452 F. App'x at 988.

The Federal Circuit also discredits Cypress' assertion that the location of its documents in this District weighs against transfer. (Dkt 20 at 8-9.) "[T]he assertion that those documents were 'Texas' documents [i]s a fiction that the plaintiff created to manipulate the propriety of venue

and that it [i]s *entitled to no weight* in the court's venue analysis." *In re Zimmer, Inc.*, 609 F.3d 1378, 1381 (Fed. Cir. 2010). That is particularly true given that Cypress has "no more than two banker boxes" of documents. (Ex. A.) Cypress' argument that HP and Google can transfer their documents electronically is also of no weight. That "digital information is effectively stored anywhere, including the Eastern District of Texas … does not negate the significance of having a trial closer to where [the defendant's and third parties'] physical documents and employee notebooks are located. The critical inquiry is relative ease of access, not absolute ease of access." *In re Toa Techs.*, 543 F. App'x 1006, 1008-09 (Fed. Cir. 2013).

## II. Cypress Relies On Arguments Discredited By The Federal Circuit

Cypress' arguments against transfer are refuted by controlling law. Cypress asserts that its "choice of forum is a paramount consideration" (Dkt. 20 at 2), but "Fifth Circuit precedent *clearly forbids* treating the plaintiff's choice of venue as distinct factor in the [transfer] analysis." *In re TS Tech Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). Cypress' argument "rests on a fallacious assumption" that "court[s] must honor connections to a preferred forum made in anticipation of litigation and for the likely purpose of making that forum appear convenient." *Microsoft*, 630 F.3d at 1364. The Federal Circuit rejects claims "that [plaintiff's] choice of forum … is entitled to deference." *Zimmer,* 609 F.3d at 1381.

Cypress' "7th Amendment argument" also fails. (Dkt 200 at 6.) For Cypress to suggest that the Northern District subverts the administration of justice is disingenuous and outlandish, as established by the lack of any supporting precedent and the number of cases the Federal Circuit and this District have transferred to the Northern District.

Cypress also wrongly asserts that transfer is improper because of judicial economy and possible inconsistent judgements. (Dkt 20 at 3-5.) As the Federal Circuit explains, it "cannot be correct" that "mere co-pendency of related suits in a particular district would automatically tip

the balance in non-movant's favor." *Google*, 2017 WL 977038, at *2 (clear error to "allow[] co-pending litigation to dominate the analysis"). "To hold otherwise … would [] effectively inoculat[e] a plaintiff against convenience transfer … simply because it filed related suits against multiple defendants in the transferor district. **This is not the law under the Fifth Circuit**." *Id.* at *3. Moreover, Cypress' own conduct defeats its argument. Cypress is currently asserting the same patents against Google technology in **a separate litigation in Delaware** against LG, a company that Cypress **previously sued in this District on many of the same patents**. (Ex. B.) Cypress itself has already created a risk of duplication and possible conflicting judgments.

Cypress erroneously contends transfer is improper given this Court's familiarity with the patents and technology. But, this Court has not yet held a hearing, assessed claim construction, or considered any dispositive motions in this case. And in Cypress' prior litigations, this Court did not address any substantive issues regarding the asserted patents.[2] Accordingly, "the proper administration of justice may be to transfer to the far more convenient venue even when the trial court has some familiarity with a matter from prior litigation." *Morgan Stanley*, 417 Fed. App'x. at 949. Indeed, Cypress' "familiarity" argument is belied by its decision to assert the same patents in Delaware after this Court presided over prior litigations.

Finally, Cypress' supposition regarding court congestion is flawed.[3] Because Cypress is a non-practicing entity, the Federal Circuit does "not regard the prospective speed with which this case might be brought to trial to be of particular significance." *Morgan Stanley*, 2011 WL 1338830 at *3. In sum, the relevant factors clearly demonstrate this case should be transferred.

---

[2] 6:15-cv-1098, 1104, -1107, -1108, -1110, -1112 and -1116 were each voluntarily dismissed by Cypress prior to the defendants answering the complaint. A hearing on certain defendants' motions to transfer was held in 6:16-cv-1245, -1246, -1247, -1249, -1250, -1251, -1252, and -1254, but the cases were dismissed prior to a ruling on the motions and prior to claim construction exchanges. 6:17-cv-299 was voluntarily dismissed prior to service of the complaint.

[3] While more cases are filed in the Northern District, it has 20 Article III judges as compared to 7 in this District.

Dated: February 6, 2018

*/s/ Krista S. Schwartz with permission, by Michael E. Jones*
Krista S. Schwartz
Lead Attorney
ksschwartz@jonesday.com
Michael A. Lavine
mlavine@jonesday.com
JONES DAY
555 California Street, Suite 2600
San Francisco, CA 94104
Telephone: (415) 626-3939

Sasha Mayergoyz
JONES DAY
77 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 782-3939

Michael E. Jones
SBN: 10929400
mikejones@potterminton.com
POTTER MINTON
110 N. College, Suite 500
Tyler, Texas 75702

***Attorneys for Defendant HP, INC.***

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on February 6, 2018.

                                                        */s/ Michael E. Jones*
                                                        Michael E. Jones