IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CYPRESS LAKE SOFTWARE, INC. | § | |
| *Plaintiff,* | § § § | Civil Case: 6:17-cv-462-RWS |
| v. | § § | |
| HP INC. | § § | Consolidated with Case No. 6:17-cv-300-RWS |
| *Defendant.* | § § § § | JURY TRIAL DEMANDED |

**CYPRESS LAKE SOFTWARE, INC.'S SURREPLY IN OPPOSITION TO HP INC.'S §1404(a) MOTION TO TRANSFER VENUE TO THE <u>NORTHERN DISTRICT OF CALIFORNIA (Dkt. 16)</u>**

HP fails to meet its burden of showing that transfer is clearly more convenient. Cypress Lake is a local company that has been injured locally. It filed suit where it is headquartered, where its founder lives and grew up, and where it anticipated having the opportunity for its case to be tried on the merits. HP is also a local company with a large physical presence and many employees in this District. HP prefers to have this case transferred to the Northern District of California, but §1404(a) does not hinge on preference or require a showing that another forum is merely convenient. Instead, §1404(a) balances convenience and justice and requires the moving party to show that its chosen forum is *clearly more* convenient. Although HP argues information and employees are located in the transferee forum, HP fails to show that the same information is unavailable in this District. And HP all but ignores the convenience to Cypress Lake. Thus, HP fails to meet its heavy burden of showing that transfer is clearly more convenient. And because HP fails to meet its burden, its motion to transfer pursuant to § 1404(a) should be denied.

### A. Plaintiff's Choice of Forum Weighs Against Transfer by Establishing a High Burden for Defendant to Overcome.

A plaintiff's choice of forum is a paramount concern in a transfer analysis. *See Abatix Corp. v. Capra*, 2:07-cv-541, 2008 WL 4427285, at *6 (E.D. Tex. Sept. 24, 2008). Because a plaintiff's choice of forum is important, a defendant is required to show that another forum is clearly more convenient before transfer will be allowed. *See Smith v. Michels Corp.*, 2:13-CV-00185-JRG, 2013 WL 4811227, at *1 (E.D. Tex. Sept. 9, 2013). And while a plaintiff's choice of venue is not necessarily one of the factors of a transfer analysis, it does establish a high bar for Defendant to overcome. *See In re Volkswagen of Am., Inc.*, 545 F.3d at 315 n.10; *contra* Reply at 4. If HP fails to show that transfer is *clearly* more convenient, transfer should be denied.

HP cites two cases for the proposition that a plaintiff's choice of forum is irrelevant. *See* Reply at 4 (citing *In re Microsoft Corp.*, 630 F.3d 1361, 1364 (Fed. Cir. 2011); *In re Zimmer*

*Holdings*, Inc., 609 F.3d 1378, 1381 (Fed. Cir. 2010)). But *In re Microsoft* and *In re Zimmer Holdings* both state that a plaintiff's choice of forum is not afforded deference when the plaintiff has attempted to manufacture jurisdiction. *Id.* Such is not the case here. On the contrary, the owner of Cypress Lake Software, Mr. Fortenberry, grew up in Woodville, Texas where his immediate and extended family live. *See* Dkt. 20-4, Ex. 12 to Cypress Lake Software's Opposition to HP's MTT, The Declaration of Tom Fortenberry ("Fortenberry Decl.") at ¶ 1-2. Cypress Lake Software is a local company that would be prejudiced financially by transfer. *See id.* Fortenberry Decl. at ¶5. And "all of [Cypress Lake Software's] corporate documents are located . . . in Woodville." *See* Fortenberry Decl. at ¶ 7. Cypress Lake is just the type of local business that should receive deference on its choice of forum.

### B. Judicial Economy Weighs Against Transfer.

"[C]ourts have consistently held that judicial economy plays a paramount role in trying to maintain an orderly, effective, administration of justice." *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 (Fed. Cir. 2010). Indeed, judicial economy provides another standalone reason to deny transfer. *See Net Nav. Sys., LLC v. Cisco Sys., Inc.*, 4:11-cv-660, 2012 WL 7827544, at *5 (E.D. Tex. Aug. 24, 2012), *adopted*, 2013 WL 1309840 (E.D. Tex. Mar. 27, 2013) ("The Court may deny motions to transfer based on judicial economy alone."). Here, judicial economy weighs strongly against transfer.

HP disagrees with precedent establishing that judicial economy plays a paramount role in a transfer analysis. *See* Reply at 4-5. ("Cypress also wrongly asserts that transfer is improper because of judicial economy and possible inconsistent judgments.") (citing *In re Google Inc.*, 2017-107, 2017 WL 977038, at *3 (Fed. Cir. Feb. 23, 2017)). But even *In re Google* holds that judicial economy may "play a significant role" in a § 1404(a) transfer analysis. *In re Google Inc.*, 2017 WL 977038, at *2. ("That is not to say that judicial economy can never dominate the

court's transfer analysis. As we have previously observed, it can play a significant role."). Judicial economy in this case weighs heavily against transfer for a number of reasons.

First, Plaintiff accommodated HP's request by filing the current action as a continuation without interruption of litigation on other counts of infringement present in Cypress Lake's prior 2016 action against HP. *See* Cypress Lake's Opposition ("Opp."), Dkt. 20 at 3. Second, this District has significantly more experience with the patents and technology at issue, where the Honorable Robert W. Schroeder, III has presided over all nine of Cypress Lake's prior cases. *See* Opp. at 3. Third, Cypress has filed other cases in this District involving the same patents-in-suit. *See* Opp. at 4. Thus, transfer would greatly increase the risk of conflicting rulings. And fourth, HP is at home in this District where it has a large, physical presence and where it has litigated on hundreds of prior occasions. *See* Opp. at 5-6.

In response, HP implies that these significant factors are undone by Cypress Lake's suit against LG in the District of Delaware. *See* Reply at 5. Cypress Lake disagrees. If anything, Cypress Lake's litigation in the District of Delaware merely illustrates Cypress Lake's desire not to burden the Court by filing cases that do not belong here. Unlike LG, HP has a significant presence in this District with a large complex and many employees. Moreover, the existence of a case in Delaware does not alter the fact that transferring HP would significantly increase the risk of disparate rulings. Thus, this factor weighs heavily against transfer. It would essentially expand the litigation across the U.S. to three forum's. Also, the LG litigation could be consolidated here with the Samsung case that is proceeding behind the HP and ZTE litigation already in this district.

### C. Plaintiff's 7th Amendment Rights Weigh Against Transfer.

Cypress Lake has a Constitutional right "of trial by jury." *See* Opp. at 6-7 (citing U.S. Const., 7th Amend.). Cypress Lake's decision to file suit against HP in this District was in part

informed by this District's history of allowing cases to proceed to a jury rather than resolving them by summary judgment or other dispositive motion. *See Id.* HP argues that implying that this right is not evenly administered across districts is "disingenuous and outlandish." *See* Reply at 4. However, HP does not offer support for its conclusion and does not respond to the data Cypress Lake presented showing far greater dispositive rulings in the transferee district. Ultimately, the Northern District of California's propensity for resolving cases by dispositive motion rather than by jury weighs against transfer.

**D. Private Interest Factor "Sources of Proof" Weighs Against Transfer.**

It is telling what HP says and what it does *not* say in its Reply. HP says it "does not have any documents related to the accused products . . . in this District" (Reply at 1). But HP does *not* say if any relevant documents (as opposed to electronic evidence) even exist, nor does HP say it does not have evidence accessible in this District. Also, HP says it has 10 employees in the transferee District "with knowledge about R&D, product management, sales, marketing, and accounting for accused products" (Reply at 1). But HP does *not* say employees with the same knowledge are not present at its large facility in this District. These distinctions illustrate HP's misaligned focus on showing that the transferee forum is convenient rather than showing it is *clearly more* convenient than this District. Indeed, HP has access to evidence in this District and there are HP employees in this District who can speak for the company.

Moreover, Cypress Lake's prosecuting patent application attorney, Patrick Caldwell, of the Dallas based Caldwell Law Firm is located within 30 miles of this District. But HP, like it does with other facts adverse to its position, simply ignores them in its briefing. But the prosecuting attorney for not one, but all of the patents is such an important witness that HP will no doubt list him as an individual on its own initial disclosures, just like Cypress Lake has.[1]

---

[1] Initial Disclosures are due tomorrow, February 14, 2018.

Again, the founder, Tom Fortenberry, was raised in this District and lived in Woodville, TX when this case was filed. *See id.*, Fortenberry Decl. at ¶¶ 1-4. Cypress Lake's evidence is located in this District and not in the transferee District. This District is clearly more convenient for Cypress Lake. Additionally, Google admits that "[a]ll or nearly all of these documents [regarding the relevant technology] are stored on Google's various secure servers, which are accessible from anywhere. . . ." Declaration of Abeer Dubey ("Dubey Decl."), Dkt. 16-2 at ¶¶ 12-13. Thus, given HP's failure to demonstrate that the transferee district is clearly more convenient, and given Cypress Lake's sources of proof located in this District, this factor weighs against transfer.

**E. Private Interest Factor "Availability of Prospective Witnesses" Weighs Against Transfer or Remains Neutral.**

Defendant argues that the compulsory process weighs heavily in favor of transfer due to prospective third-party Google employees in the transferee district. *See* Reply at 2 (citing Dubey Decl. at ¶¶ 12-13). However, to the extent evidence from Google employees is relevant, Mr. Dubey's declaration indicates that knowledgeable employees are also located "in other places" in addition to the transferee District. *See* Dubey Decl. at ¶ 12. And any employees living east of this District would benefit from this District's central location and lest burdened than traveling to the transferee district.

Indeed, HP has not shown any reason why any third-party witnesses would not be willing to travel to this District. "Numerous cases have held that with respect to third-party witnesses, it is the burden of the party seeking transfer to show (1) that the witnesses would be unwilling to travel to the transferor district and (2) that the witnesses' testimony would be important to the issues at trial." *In re Apple, Inc.*, 581 Fed. Appx. 886, 891 (Fed. Cir. 2014) (Bryson, dissenting). HP has neither shown nor even implied that its alleged third-party witnesses would be unwilling to travel to this district, nor has HP shown that those witnesses

5

have important information that could not be provided by witnesses closer to this District. Thus, this factor either weighs against transfer or is at least neutral.

**F. Public Interest Factors Weigh Against Transfer.**

Public interest factors weigh against transfer. For instance, *TC Heartland* has resulted in a significant change to many courts' dockets, and courts like the transferee court are struggling to catch up with the increased load. Thus, the congestion of the transferee district weighs against transfer at this time.

**CONCLUSION**

HP has failed to show that transfer to the Northern District of California is clearly more convenient. Thus, Cypress Lake respectfully asks that HP's motion to transfer be denied.

Respectfully submitted,

  /s/ Randall T. Garteiser
Randall T. Garteiser
 Lead Attorney
 Texas Bar No. 24038912
 rgarteiser@ghiplaw.com
Christopher A. Honea
 Texas Bar No. 24059967
 chonea@ghiplaw.com
Kirk J. Anderson
 California Bar No. 289043
 kanderson@ghiplaw.com
GARTEISER HONEA PLLC
119 W Ferguson St.
Tyler, Texas 75702
Tel/Fax: (888) 908-4400

*Counsel for Cypress Lake Software, Inc.*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Federal Rule of Civil Procedure 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this date stamped above.

                                                               /s/ Randall T. Garteiser
                                                               Randall T. Garteiser