NOTE:  This order is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**In re:  HP INC.,**
*Petitioner*

_____

2018-149

_____

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 6:17-cv-00462-RWS, Judge Robert Schroeder III.

_____

**ON PETITION**

_____

Before PROST, *Chief Judge*, NEWMAN and LOURIE, *Circuit Judges*.

LOURIE, *Circuit Judge*.

## O R D E R

HP Inc. petitions for a writ of mandamus seeking an order directing the United States District Court for the Eastern District of Texas to vacate its order denying transfer and to transfer this case to the United States District Court for the Northern District of California. Cypress Lake Software, Inc. opposes.  HP replies.  Because the district court committed a clear abuse of discretion in denying transfer, we *grant* the petition.

## Background

This petition arises out of a complaint filed at the Eastern District of Texas by Cypress Lake against HP. Cypress Lake has its principal place of business in Woodville, Texas. HP is a Delaware corporation with headquarters in the Northern District of California. The complaint alleges that, by employing third-party Google LLC's Chrome operating system, HP's Chromebook laptops infringe seven of Cypress Lake's patents.

HP moved to transfer the case to the Northern District of California for the convenience of the parties pursuant to 28 U.S.C. § 1404(a). HP identified nine potential employee witnesses who reside in the Northern District of California and noted that it has no employee in the Eastern District of Texas with primary decisionmaking responsibility over its Chromebooks, its relationship with Google, or the sales and marketing of the accused products. HP also identified potential witnesses from nonparty Google who reside in Northern California, while noting that Google "does not have any employees with responsibility for the Chrome operating system in [the Eastern District of Texas]." HP argued that documents and evidence relevant to the case would most likely come from either Google or HP's headquarters in the Northern District of California. HP further noted that the inventor of the patents resides outside of Texas, in North Carolina.

Cypress Lake opposed transfer, arguing that the Eastern District of Texas was appropriate because it is Cypress Lake's home forum, the court had become familiar with the patents-in-suit and relevant technology based on previously-filed lawsuits, and it is where HP maintains an office. Cypress Lake noted that its relevant documents are stored in the Eastern District of Texas and that its manager, who could be a potential witness in the case, resides in the Eastern District of Texas. Cypress Lake also argued that HP's and Google's evidence was "digital

and easily transportable." Cypress Lake further argued that HP had failed to specify what testimony its potential witnesses might provide and thus those witnesses should not be given any real consideration in the district court's analysis.

The district court analyzed the motion by considering the public and private interest factors first enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The district court found that the local interest factor favored transfer of the case to the Northern District of California "where HP is headquartered and where over 3,000 employees are located, including employees responsible for the sales, project development, project management, and financial accounting relating to the HP Chromebooks." The district court also found that the sources of proof factor favored transfer, albeit only slightly. The court found that the remaining factors, including the availability of compulsory process and the cost of attendance for willing witnesses factors, did not weigh in favor of either venue. The district court even rejected Cypress Lake's argument that judicial economy considerations warranted keeping the case, noting that it had yet to address any substantive issues regarding these patents. Nonetheless, the court denied HP's motion to transfer, finding that HP had not shown that the Northern District of California would be clearly more convenient to try the case.

## DISCUSSION

To obtain mandamus relief, HP must demonstrate that (1) it has no other adequate means to obtain the relief it desires, (2) the district court's decision amounted to a judicial usurpation of power or a clear abuse of discretion, and (3) we are satisfied that granting the writ is appropriate. *See Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 380–81 (2004); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (noting that mandamus may be granted to direct transfer when

the denial was a clear abuse of discretion such that refusing transfer produced a patently erroneous result).

We apply regional circuit law to review orders denying motions to transfer under § 1404(a). *See TS Tech*, 551 F.3d at 1319. In the Fifth Circuit, the legal standard for determining whether to grant a change of venue motion is well settled. The transfer statute authorizes a district court to transfer a civil action to another district if the transfer would serve "the convenience of parties and witnesses" and would be "in the interest of justice." § 1404(a). Under Fifth Circuit law, "[a] motion to transfer venue pursuant to § 1404(a) should be granted if 'the movant demonstrates that the transferee venue is clearly more convenient.'" *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc)).

HP argues that the district court clearly abused its discretion in denying transfer. According to HP, the district court failed to follow our decision in *In re Toyota Motor Corp.*, 747 F.3d 1338 (Fed. Cir. 2014), in refusing to transfer despite weighing several factors in favor of transfer and no factor in favor of keeping the case. HP argues that the district court also clearly erred in finding that the compulsory process and cost of attendance for willing witness factors did not favor transfer. Cypress Lake responds that the district court's decision to deny transfer was correct because transfer would simply shift the burden of inconvenience to Cypress Lake and witnesses in or closer to the Eastern District of Texas, the district court correctly found that HP had not shown that its employees were likely to be called to testify in the case, and the district court correctly noted that "HP has not even communicated with" the identified Google employees and "can provide no further information regarding them."

We agree with HP that the district court abused its discretion in denying its motion to change venue. In

*Toyota*, the district court denied transfer despite finding that no factor favored retaining the case in the Eastern District of Texas, the sources of proof factor slightly favored transfer, and the local interest factor favored transfer. *Am. Vehicular Scis. LLC v. Toyota Motor Corp.*, No. 6:12-cv-404, 2013 WL 8180623, at *6, *8 (E.D. Tex. June 12, 2013). We granted mandamus, explaining that while the district court's analysis in that case "may not show that the transferee forum is *far* more convenient," such a showing was not required to compel transfer. *Toyota*, 747 F.3d at 1341. Rather, "[w]ith nothing on the transferor-forum side of the ledger, the analysis shows that the transferee forum is '*clearly* more convenient.'" *Id.* (citation omitted).

Just as in *Toyota*, the district court here found that the relative ease of access to sources of proof factor and the local interest factor favored transferring the case to the Northern District of California, while no factor actually favored keeping the case in the Eastern District of Texas. Thus, even "[t]aken on its own terms, the district court's analysis presents a clear overall picture: nothing favors the transferor forum, whereas several factors favor the transferee forum." *Id.* Consistent with *Toyota*, while the facts here may not show that the California court is far more convenient, it was more than sufficient to establish good cause to transfer the case.

For good measure, we also agree with HP that, if anything, the district court erred in not weighing more factors in favor of transfer. The court acknowledged that three named Google employees and one of the HP employees who had left the company after the transfer motion was filed reside in the Northern District of California and were identified as having potentially relevant information, while no party identified a third party witness in the Eastern District of Texas. While HP could not at the time affirmatively indicate that it would call those witnesses or the nature of the testimony they would give, it

IN RE: HP INC.

was not required to do so.  *See Volkswagen*, 545 F.3d at
317 n.12.  It also appears that HP was not even permitted
at the time to discuss specific issues with the identified
Google employees because Cypress Lake designated its
infringement contentions confidential.  Thus, the compul-
sory process factor should have been weighed in favor of
granting transfer rather than neutral.[1]

Moreover, contrary to Cypress Lake's arguments,
transfer here would not merely shift the burden of incon-
venience to its willing witnesses.[2]  The district court
acknowledged that Cypress Lake identified only one of its
employees in the Eastern District of Texas as a potential
witness.  On the other hand, HP identified eight employ-
ees in the transferee venue that had relevant knowledge
regarding the accused products, although it was not clear
to the court how many of those witnesses would actually

---

[1]  The district court also noted that HP had not
identified any Google witness as being unwilling to travel
to the Eastern District of Texas to testify.  However, even
the Eastern District of Texas's own cases have held that,
when there is no indication that a non-party witness is
willing, the witness is presumed to be unwilling and
considered under the compulsory process factor.  *See
AGIS Software Dev. LLC v. Huawei Device USA Inc.*, No.
2:17-cv-00513, 2018 WL 2329752, at *6 (E.D. Tex. May 23,
2018).

[2]  Cypress Lake also suggests that its choice should
be given more deference because it filed suit in its home
forum where its documents are located and that HP failed
to identify with any specificity the true relevance and
necessity of its documents in the Northern District of
California.  However, the district court itself appears to
have rejected this argument by weighing the sources of
proof factor in favor of transfer to Northern California.

be called to testify and the importance of their testimony.[3] The court also credited against granting transfer that the inventor resides in North Carolina. However, "[t]he comparison between the transferor and transferee forums is not altered by the presence of other witnesses . . . in places outside both forums." *Toyota*, 747 F.3d at 1340.

Having found that the district court's denial of transfer was clearly incorrect, we now turn to whether to grant mandamus and conclude that issuance of the writ is appropriate here. We have followed the Fifth Circuit in concluding that the no-alternative-means requirement is satisfied in the motion-to-transfer context because HP could not obtain meaningful review of the issue on appeal from a final judgment or through some other means of interlocutory review. *See TS Tech*, 551 F.3d at 1322. This case also shares striking similarities to *Toyota* and other cases where we and the Fifth Circuit have granted a writ of mandamus to direct transfer. *See Radmax,* 720 F.3d at 290 (noting that the Fifth Circuit has "classified as an 'extraordinary error[]' the 'fact that not a single relevant factor favors the [plaintiffs'] chosen venue.'" (quoting *Volkswagen*, 545 F.3d at 318)).

Accordingly,

---

[3]    Cypress Lake insists in its response that it is likely to call Justin Biddle, an HP employee who resides in the Eastern District of Texas, as a witness in the case. HP is equally insistent that Mr. Biddle has no information that would be relevant to this case. We note that, even counting Mr. Biddle, there are far more potential employee witnesses of HP in the Northern District of California and no indication that Mr. Biddle is unwilling to travel to the Northern District of California if called upon to testify.

8                                          IN RE: HP INC.

IT IS ORDERED THAT:

The petition is granted.   The district court's order
denying HP's motion to transfer is vacated, and the
district court is directed to grant the transfer motion.

FOR THE COURT

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court

s32